UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 4:08- CV-40193-FDS

_____
DB, a minor,
by his next friend and mother, ELIZABETH B.,
    Plaintiffs,

v.

The SUTTON SCHOOL DISTRICT,
the SUTTON SCHOOL COMMITTEE, and the
MASSACHUSETTS DEPARTMENT OF EDUCATION
    Defendants
_____

PLAINTIFFS' MOTION TO REMAND

Now come Plaintiffs pursuant to 28 U.S.C. §1447(c) and move this Honorable Court to remand this action to Massachusetts Superior Court.  Of the named defendants, Sutton School District and the Sutton School Committee (hereafter "Sutton") were served on 9/24/08.  Notice of Removal by Defendants Sutton School District and the Sutton School Committee (hereafter collectively referred to as "Sutton") is dated 9/30/08.  Sutton copied co-defendant Massachusetts Department of Education (now Department of Elementary and Secondary Education, or "DESE") and Jennifer Miller of the Attorney General's office on the Notice of Removal.  Sutton copied the DESE and Attorney Miller on the copy of the record that it submitted to U.S. District Court via letter of 10/1/08.  This copy of the record included a copy of the complaint filed by Plaintiffs against all Defendants.

Argument

I.    THE NOTICE OF REMOVAL IS DEFECTIVE

To the extent that this litigation involves multiple defendants, and only Sutton joined in filing the Notice of Removal, the Notice of Removal is defective and this matter is subject to remand.  *Frankston v. Denniston*, 376 F.Supp.2d 35, 38 (D.Mass.

2005)(" 'As a general matter, in cases involving multiple defendants, all defendants who have been served must join or assent in the removal petition.' *Montana v. Abbot Laboratories*, 266 F.Supp.2d 250, 260 (D.Mass. 2003)(citing *Lapides v. Board of Regents of the Univ. Sys. of Ga.*, 535 U.S. 612, 620, 152 L.Ed.2d 806, 122 S.Ct. 1640(2002))."This rule of unanimity requires that all defendants file their notice of removal or consent to removal within thirty days of being served and failure to do so constitutes a defect in the removal procedure and is ground for remand." *Montana, 266 F.Supp.2d at 260* (citations and quotations omitted).  Although it is not required that all the defendants sign the petition to manifest consent, "that consent must be manifested *clearly and unambiguously to the Court* within the statutorily prescribed thirty days." *Sansone v. Morton Mach. Works, Inc.*, 188 F.Supp.2d 182, 184 (D.R.I. 2002) (emphasis added)").  *See also Ceria v. Town of Wendell, et al.*, 443 F. Supp. 2d 94, 95 (D. Mass. 2006) (". . ."removal requires the consent of all defendants." *Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 620, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002) (citing 28 U.S.C. § 1446(a) and *Chicago, R.I. & P.R. Co. v. Martin*, 178 U.S. 245, 248, 20 S. Ct. 854, 44 L. Ed. 1055 (1900)).  Here, it is clear that only half of the defendants consented to removal. . . . doubts about removing an action are typically resolved in favor of remand, *see American Bldgs. Co. v. Varicon, Inc.*, 616 F. Supp. 641, 643 (D. Mass. 1985) (citations omitted)").  The USDC for Massachusetts has noted that ". . . "[t]he federal courts have interpreted this statutory grant of power narrowly." *Therrien v. Hamilton*, 881 F. Supp. 76, 78 (D. Mass. 1995), and cases cited. "Thus, upon a motion to remand, the burden is upon the removing party to show that federal subject matter jurisdiction exists, that removal was timely, and that removal was proper . . . . Removal statutes should be strictly construed against removal and doubts resolved in favor of remand." *Id.* (citations omitted)."

*Kingsley v. Lania*, 221 F.Supp. 2d 93, 95, (D. Mass. 2002).   Insofar as Sutton copied the DESE on its Notice, it clearly had notice of the identity and contact information of the DESE, but did not join the DESE in the Notice of Removal and said Notice is accordingly defective and remand is appropriate.

Plaintiffs, by their attorney,

 /s/  David R. Bohanan
David R. Bohanan
BBO # 556401
P.O. Box 562
286 Boston Road
Sutton, MA 01590
(508) 865-7352

10/27/08

## CERTIFICATE OF SERVICE

I, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 27th day of October, 2008.

 */s/ David R. Bohanan*
David R. Bohanan
